Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING          2896
SHEREE KON-HERRERA       6927
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:   (808) 531-7585
whc@fmhc-law.com
skh@ fmhc-law.com

Attorneys for Defendant DB INSURANCE CO., LTD.,
formerly known as DONGBU INSURANCE CO., LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE ARC IN HAWAII, a nonprofit corporation, | ) ) ) | CV 20-00112 ACK-WRP (Contract) |
| Plaintiff, | ) ) | SEPARATE AND CONCISE STATEMENT OF FACTS IN |
| v. | ) ) | SUPPORT OF DEFENDANT DB INSURANCE CO., LTD.'S |
| DB INSURANCE CO., LTD., a foreign profit corporation, formerly known as DONGBU INSURANCE CO., LTD., | ) ) ) ) | MOTION FOR SUMMARY JUDGMENT; DECLARATION OF SHEREE KON-HERRERA; EXHIBITS "A" – "J"; |
| Defendant. | ) ) | CERTIFICATE OF SERVICE |
| _____ | ) | |

## SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANT DB INSURANCE CO., LTD.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to LR 56.1 of the Local Rules of Practice for the United

States District Court for the District of Hawai'i, Defendant DB INSURANCE CO.,

LTD. ("Defendant") submits this separate concise statement of material facts in

support of its Motion for Summary Judgment.

| **Facts** | **Evidentiary Support** |
| --- | --- |
| 1.  Dongbu Insurance Co., Ltd. ("DB") issued Commercial Property Policy No. DCF1200010-00 to The Arc in Hawaii effective June 4, 2012. | *See* Exh. "A", excerpts from certified copy of Policy No. DCF1200010-00 ("Policy"). |
| 2.  With renewals, the terms and conditions remained in effect until for policies until June 4, 2017. | *See* Exh. "B"-"E", certified copies of renewal declarations (collectively, "Policies"). |
| 3.  The Policies include **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** CP 00 10 06 07, which provided coverage "for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." | *See* Exh. "A" at pdf 68-70; *see also* Exh "B" at pdf 7; Exh "C" at pdf 7; Exh "D" at pdf 6; Exh "E" at pdf 7. |
| 4.  Under the Policy, "Covered Property" does not include "[a]ccounts, bills, currency, food stamps or other evidences of debt, money, notes or securities." | *See* Exh. "A" at pdf 69. |
| 5.  Pursuant to **CAUSES OF LOSS – SPECIAL FORM** (CP 1030 0607), | *See* Exh. "A" at pdf 96 (Section A Covered Causes of Loss and B Exclusions) – 98 (Exclusion 2h). |

"Covered Causes Of Loss" exclude loss or damage caused by or resulting from "[d]ishonest or criminal act by you, any of your … employees … to whom you entrust the property for any purpose."

6. The Policies also include **COMMERCIAL PROPERTY ENHANCEMENT ENDORSEMENT II**, DCP 00 03 12 10 ("Endorsement II") which amended **Building and Personal Property Coverage Form, Paragraph A.5. Coverage Extensions**.

*See* Exh "A" at pdf 37, 40, 42; *see also* Exh "B" at pdf 7; Exh "C" at pdf 7; Exh "D" at pdf 6; Exh "E" at pdf 7.

7. Endorsement II includes subpart **m** for **Employee Dishonesty**, providing coverage "for direct loss of or damage to Business Personal Property, including 'money' and 'securities' resulting from dishonest acts committed by any of your employees."

*See* Exhibit "A" at pdf 46-47.

8. Subpart **m** for **Employee Dishonesty** provides that all loss or damage "[c]aused by the same person or persons" or "[i]nvolving a single act or series of related acts" is considered one occurrence.

*Id.*

9. Subpart **m** for **Employee Dishonesty** further provides that "[r]egardless of the number of years this policy remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period," and that the most DB "will pay in any one occurrence for loss or damage under this Coverage Extension is $250,000."

*Id.*

10. Endorsement II includes subpart **q** for **Forgery and Alteration**, providing coverage "for loss resulting directly from forgery or alteration of … any check, draft, promissory note, or similar written promise, order or direction to pay a certain sum in money, made or drawn by or drawn upon you, or made or drawn by one acting as your agent or claiming to have been so made or drawn."

*See* Exhibit "A" at pdf 48-49.

11. Since Endorsement II does not delete any exclusions under **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** unless specifically modified, any extended coverage is still subject to the enumerated exclusions, including exclusion **2.h.** for dishonest or criminal acts by an employee.

*See* Exhibit "A" at pdf 68-70, 73-75, 96-98.

12. Lola Jean Amorin ("Amorin") was "The Arc's employee" from 1982 to 2017 as the company's bookkeeper and accountant.

*See* Dkt 1-1, Complaint filed 2/12/20 at ¶5; *see also* Exhibit "F", Declaration of Leiann Fountain at ¶¶ 3-4.

13. Plaintiff later discovered that Amorin "during her employment" had stolen $6,969,165.27 from the company from at least January 20, 1998 through January 31, 2017.

*See* Complaint at ¶¶9-11.

14. In the first of four schemes, Amorin issued checks from The Arc to First Hawaiian Bank, and requested that First Hawaiian Bank issue an official bank check to Hawaii Central Federal Credit Union, where Amorin would deposit the funds into her own account.

*See* Complaint at ¶12; Exhibit "F" at ¶¶22-28.

3

15. Plaintiff alleges that Amorin obtained the director signatures on the company checks "through false pretenses" or "would simply forge the signature of one of the authorized signers."

*See* Complaint at ¶12; Exhibit "F" at ¶22.

16. In the second scheme, Amorin issued checks from The Arc to Home Depot, and paid for items on her own personal account at Home Depot.

*See* Complaint at ¶13; Exhibit "F" at ¶¶29.

17. In the third scheme, when obtaining Costco prepaid cash cards for the company, Amorin would obtain additional cash cards for herself to redeem or otherwise use for herself.

*See* Complaint at ¶14; Exhibit "F" at ¶30.

18. In the fourth scheme, Amorin purchased numerous pieces of office equipment from Office Depot using the company's Office Depot Corporate Credit Card for her own purposes.

*See* Complaint at ¶15; Exhibit "F" at ¶31.

19. Amorin pleaded no contest and was convicted of all charges in *State v. Amorin*, 1CPC17-0001340.

*See* Complaint at ¶¶17-20.

20. On October 24, 2018, The Arc's counsel contended that The Arc was entitled to $2,697,490.23 in total losses, since the claim "involves both employee dishonesty and forgery" and spans "five Policy Periods and is not limited to one Policy Period."

*See* Exhibit "G", 10/24/18 letter from C Goodin.

21. On December 11, 2018, DB's counsel explained Defendant's position that coverage for Employee Dishonesty

*See* Exhibit "H", 12/11/18 letter from R Miller.

4

was subject to a single $250,000 limit of liability and that coverage for Forgery and Alteration was subject to exclusion 2.h. for dishonest or criminal acts by an employee of the insured.

22.   On February 20, 2019, Plaintiff's counsel provided a response on behalf of The Arc as to why coverage should be applicable under both provisions. | *See* Exhibit "I", 2/20/19 letter from C Goodin.

23.   On April 25, 2019, DB's counsel responded with a detailed explanation of DB's position on Forgery and Alteration coverage and Employee Dishonesty coverage based on the applicable terms and conditions under the policies and case authority. | *See* Exhibit "J", 4/25/19 letter from R Miller.

24.   On February 12, 2020, Plaintiff filed a Complaint; Demand for Jury Trial against DB Insurance. | *See* Dkt 1-1.

25.   Defendant filed a Notice of Removal on March 10, 2020 by reason of complete diversity of citizenship between the parties under 28 U.S.C. §1332 and the amount in controversy, exclusive of interest and costs, exceeding $75,000. | *See* Dkt 1-0.

DATED:  Honolulu, Hawaii, December 30, 2020.

/s/ Sheree Kon-Herrera
WESLEY H. H. CHING
SHEREE KON-HERRERA
Attorneys for DB INSURANCE CO., LTD.