IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ARC IN HAWAII, | CIVIL NO. 20-00112-ACK-WRP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |
| vs. | |
| DB INSURANCE CO., LTD., | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs, filed on August 5, 2021 (Motion). See ECF No. 57. Defendant filed its Opposition on August 12, 2021. See ECF No. 59. Plaintiff filed its Reply on August 19, 2021. See ECF No. 60. This matter is suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). After careful consideration of the parties' submissions, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART as detailed below.

1

BACKGROUND

This case arises from a dispute between DB Insurance Co. (Defendant), and its insured, The Arc of Hawaii, and two insurance coverage policies.  See ECF No. 1.  When Defendant declined coverage for losses caused by the insured's forgery and limited coverage related to employee dishonesty to one policy period, Plaintiff filed this lawsuit against Defendant asserting claims for breach of contract and bad faith.  See ECF No. 1.  On June 17, 2021, the district judge issued its Order Granting Plaintiff's Partial Motion for Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  See ECF No. 48 (granting Plaintiff's Motion for Summary Judgment on the breach of contract claim and granting Defendant's Motion for Summary Judgment to dismiss Plaintiff's bad faith claim).  In that Order, the district judge held that: "The Arc is the prevailing party and is entitled to recover its attorney's fees and costs, and The Arc should submit a petition in accordance with Local Rule 54.2." Id. at 39.  The present Motion followed.

DISCUSSION

### I.  Meet and Confer

Under Local Rule 54.2, before filing a motion for attorneys' fees, the parties are required to "meet and confer in a good faith attempt to agree on the amount of fees." LR 54.2(d).  Local Rule 54.2(e) requires the parties to prepare a

joint statement prior to filing the motion that includes "[a] brief description of each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon." LR 54.2(e).  These requirements are intended to narrow the disputes between the parties as to attorneys' fees.

On July 13, 2021, the parties held a telephonic meet and confer.  See ECF No. 57-2 at 8.  During this meeting, Defendant agreed to Keith Y. Yamada's hourly rate of $350 and paralegals Cheryl Yasunaga's and Zion Kawahakui's hourly rate of $100.  See id.  Defendant objected to the hourly rates of partner Christopher T. Goodin, associates Justin M. Luney and Jarrett A. Dempsey, paralegal Amy Parker, and the hours spent by Mr. Luney.  See id. at 8-9.  The Arc later agreed to reduce Ms. Parker's hourly rate to $100.  See id. at 9.  On July 28, 2021, the parties held another meet and confer to discuss the Joint Statement and fee tables summarizing hourly rates and hours incurred.  See id.

**II. Entitlement to Attorneys' Fees**

Based on the judgment, it is undisputed that The Arc is legally entitled to recover fees under Hawaii Revised Statute Sections 431:10-242 and 607-14. Section 431:10-242 provides that a policyholder is entitled to recover reasonable attorneys' fees where an insurer has contested liability and is ordered to pay benefits.  See HRS § 431:10-242.  Section 607-14 provides a statutory cap on some fee awards in favor of a prevailing party, attorneys' fees to be paid by the losing

party, which amount "shall no exceed twenty-five per cent of the judgment." HRS § 607-14.

Here, Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees and costs. See ECF No. 59 at 2. The district court issued an Order Granting Plaintiff's Partial Motion for Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and held that "The Arc is the prevailing party and is entitled to recover its attorney's fees and costs." ECF No. 48 at 39. Accordingly, Plaintiff The Arc is entitled to recover its reasonable attorneys' fees.

### III. Reasonable Attorneys' Fees

Courts use the lodestar method for calculating an award of reasonable attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." Id. Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors: the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the

case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

In the present Motion, Plaintiff requests the following attorneys' fees:

| Name | Hours | Rate (Year) | Total |
| --- | --- | --- | --- |
| Keith Y. Yamada, Partner | 23.2 | $350 | $8,120.00 |
| Christopher T. Goodin, Partner | 0.7 | $280 (2017) | $196.00 |
| Christopher T. Goodin, Partner | 15.2 | $310 (2018) | $4,712.00 |
| Christopher T. Goodin, Partner | 6.2 | $320 (2019) | $1,984.00 |
| Christopher T. Goodin, Partner | 72.6 | $340 (2020) | $24,684.00 |
| Christopher T. Goodin, Partner | 126.4 | $350 (2021) | $44,240.00 |
| Amy P. Parker, Paralegal | 2 | $100 | $200.00 |
| Justin M. Luney, former Associate | 26.4 | $210 (2019) | $5,544.00 |
| Justin M. Luney, former Associate | 82.1 | $220 (2020) | $18,062.00 |
| Jarrett A. Dempsey, Associate | 28.4 | $220 (2020) | $6,248.00 |
| Jarrett A. Dempsey, Associate | 78 | $235 (2021) | $18,330.00 |
| Cheryl S. Yasunaga, Paralegal | 20.5 | $100 | $2,050.00 |
| Zion Kawahakui, Paralegal | 6 | $100 | $600.00 |

5

|  |  | SUB TOTAL | $143,970.00 |
|  |  | GET | $6,357.09 |
|  |  | TOTAL | $141,327.09 |

See ECF No. 57-4 at 12.

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The fee applicant bears the burden of showing that the rates requested are reasonable. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation). "However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." Camacho, 523 F.3d at 980. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th

Cir. 2019) (internal citation omitted). Further, the Court may also use its "own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011). Defendant's specific objections to Plaintiff's fee application are discussed below.

### 1. Mr. Goodin's Hourly Rate

In its Motion, Plaintiff requests $280 per hour in 2017, $310 in 2018, $320 in 2019, $340 in 2020, and $350 in 2021 for the work completed by Mr. Goodin, a partner who has been practicing since 2006, and practices in the areas of real estate, commercial, and insurance litigation. See ECF No. 57-2 at 3. Defendant asserts that Mr. Goodin's hourly rate should be $250 for all years. See ECF No. 59 at 3. Plaintiff argues that Mr. Goodin's rate is reasonable when compared to other attorneys in Hawaii. See ECF No. 57-2 at 8.

Generally, the reasonable hourly rate should reflect the prevailing market rates in the forum district. See Camacho, 523 F.3d at 979 (9th Cir. 2008). "[R]ates, other than those of the forum, may be employed if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

As detailed in Plaintiff's Motion, similar hourly rates have been approved by this Court. See Adams v. Pac. iWorks, LLC, 2021 WL 685190, at *8

7

(D. Haw. 2021), report and recommendation adopted, 2021 WL 683887 (D. Haw. 2021) (finding that an hourly rate of $300, reduced from $450, was appropriate a specialized attorney with 16 years of practicing handling intellectual property matters). Also, Mr. Goodin's hourly rate of $340 in 2020 was recently approved by State Circuit Judge Bert I. Ayabe in Dawson v. Chen, Civ. No., 1CCV-20-0000550 (Haw. 1st Cir. Ct.).

In response, Defendant cites Scalia v. Saakvitne, a case in which the court reduced the reasonable hourly rate for a partner with 15 years of experience from $300 to $250. See 2020 WL 4193118 at *12 (D. Haw. 2020). Scalia, however, is distinguishable from the present case. In Scalia, the attorney did not utilize his "specialized experience with ERISA" in the underlying case because his "specialized experience would not necessarily be needed" for the discovery dispute that gave rise to the fee application. Id. at *11. Here, Mr. Goodin has particularized experience in insurance litigation, the expertise used to prevail here. See ECF No. 57-2 at 3.

Accordingly, the Court finds that Plaintiff's requested rates for Mr. Goodin for 2017 through 2020 are reasonable.

### 2. Mr. Luney and Mr. Dempsey's Rates

For Mr. Luney, Plaintiff requests $210 per hour in 2019 and $220 in 2020. See ECF No. 57 at 19. For Mr. Dempsey, Plaintiff requests $220 per hour

in 2020 and $235 in 2021.  See id.  Defendant asserts that both associates' hourly rates should be $175 for all years.  See ECF No. 59 at 3.  Plaintiff argues that both Mr. Luney and Mr. Dempsey's hourly rates are reasonable when compared to other associate attorneys in Hawaii.  See ECF No. 57 at 21 (citing cases); see also Adams, 2021 WL 685190, at *8 (finding that an hourly rate of $200, reduced from $350, was appropriate for an attorney with five years of experience); Eckerle v. Deutsche Bank Nat. Tr., 2012 WL 896266, at *3 (D. Haw.), report and recommendation adopted, 2012 WL 896258 (D. Haw. 2012) (approving the requested $210 hourly rate for an associate with five years of experience).

In response, Defendant cites Reyes v. Tanaka, which reduced the hourly rate for an attorney with 10 years of experience from $250 to $225.  See 2020 WL 2857493 at *2 (D. Haw. May 12, 2020).  However, the court explicitly stated that this hourly rate was "based in part on the limited information provided by counsel.  Should a motion for attorneys' fees be presented to the Magistrate Judge in the future, he is not constrained by these findings and may make reasonableness determinations based on counsel's submissions at that time."  Id. at *2 n.3.

Based on the foregoing, the Court finds that $210 per hour in 2019 and $220 in 2020 is a reasonable rate for Mr. Luney, and $220 per hour in 2020 and $235 in 2021 is a reasonable rate for Mr. Dempsey.

### B.     Hours Reasonably Expended

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The applicant bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion.  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, Plaintiff's counsel submitted timesheets reflecting the hours worked.  See ECF No. 57-4.  In its Opposition, Defendant contends that the time requested by Plaintiff should be reduced for block billing, excessive, and duplicative time entries.  See ECF No. 59 at 7-11.  Based on the Court's careful review of the time entries and issues raised in the Opposition, the Court finds that the following deductions are appropriate.

### 1.     Block Billing

Defendant argues that four of Plaintiff's time entries are block billed and should be reduced by 20% because the Court cannot determine the reasonableness of the time requested for each task.  See ECF No. 59 at 8.  Block

billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block-billed hours by twenty percent). Courts may reduce the hours that are billed in block format. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

After reviewing counsel's time entries, the Court finds that the deductions for block billing are warranted, because the contested time entries contain actions that should not be billed together. For example, it is not reasonable to bill for time spent in a client meeting and for reviewing documents. These groupings are impermissible block billing because they do not allow the Court to determine whether the time spent on these separate tasks is reasonable. Plaintiff offers supplemental explanations for the time breakdowns of these entries, but the Court does not find these after-the-fact offerings persuasive one to four years after time was billed. See ECF No. 59 at 9. In total, the Court finds that 3.5 hours of

Mr. Yamada's hours are block billed,[1] 0.5 hours of Mr. Goodin's hours are block billed,[2] and 3.0 hours of Mr. Luney's hours are block billed.[3]

Because the Court cannot determine the reasonableness of the time spent on the separate tasks in these block-billed entries, the Court finds that a twenty percent deduction to the time requested in these entries is appropriate. Accordingly, the Court deducts 0.7 hours from Mr. Yamada's time (3.50 hours x 0.2 = 0.7), 0.1 hours from Mr. Goodin's time (0.5 hours x 0.2 = 0.1), and 0.6 hours from Mr. Luney's time (3.0 hours x 0.2 = 0.6).

### 2.  Excessive and Duplicative Time

The Court may deduct time requested that is "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34). The Court has reviewed the entries that Defendant claims are excessive and finds that most of the time spent on the tasks described was reasonable, with a few exceptions detailed below.

In its Opposition, Defendant first argues that the time spent by Plaintiff on two demand letters is excessive. See ECF No. 59 at 9. Plaintiff

---

[1]  Mr. Yamada's block-billed time entries were on 5/31/2017 (2.50 hours) and 9/28/2018 (1.0 hours). See ECF No. 57-4 at 1.
[2]  Mr. Goodin's block-billed time entry was on 7/31/2019 (0.5 hours). See ECF No. 57-5 at 3.
[3]  Mr. Luney's block-billed time entry was on 5/12/2020 (3.0 hours). See ECF No. 57-5 at 5.

correctly points out in its Reply that Defendant did not object to the time incurred on the first letter, except for a block-billing exception.[4] See ECF No. 57-6 at 1. Accordingly, the Court declines to consider Defendant's argument that time spent on the first demand letter was excessive and duplicative and looks only at the remaining 17.1 hours for the second letter.

        The first demand letter, dated October 24, 2018, provides a yearly breakdown of the claim, whereas the second demand letter, dated February 20, 2019, contains ample case law and secondary sourced regarding interpretation of insurance contracts in favor with the insured. See ECF Nos. 59-2, 59-3. The Court agrees with Plaintiff that the second letter is not duplicative of the first, and the time spent on this letter was reasonable. See ECF No. 57 at 26.

        Second, Defendant argues that the time spent by Plaintiff on its scheduling conference statement and initial disclosures is excessive. See ECF No. 59 at 10-11. The Court agrees that 6.2 hours for initial findings is excessive. Associate Mr. Luney spent a total of 6.2 hours on these initial findings at $220 an hour, but Defendant only objects to the entries by Mr. Luney on 5/12/2020 and

---

[4]    Six entries from 8/27/2018 to 9/28/2018 reflect time spent on the first demand letter. See ECF No. 57-6 at 1. Defendant only objects to these entries on block billing and unreasonable hourly rate grounds. See id.

13

5/15/2020.[5]  Accordingly, the Court finds that a ten percent reduction to the 4.1 hours requested for those two entries is appropriate.  The Court deducts 0.41 hours from Mr. Luney's time (4.1 hours x 0.1 = 0.41).

Third, Defendant argues that the time spent by Plaintiff on dispositive motions is excessive and duplicative.  See ECF No. 59 at 11-12.  Plaintiff dedicated substantial resources[6] to its dispositive motion filings, which ultimately won Plaintiff a $2.3 million award on summary judgment–the total coverage under both disputed policies.  See ECF Nos. 57-4 at 4-8, 48 at 36.  Considering the relative degree of novelty and difficulty of the questions involved, the Court finds the hours requested on dispositive motions are reasonable.

Defendant argues that the multiple attorneys involved in drafting resulted in cumulative and excessive billing.  See ECF No. 59 at 10-11.  In support, Defendant cites Blueearth Biofuels, LLC. v Hawaiian Elec. Co., 2015 WL 881577 (D. Haw. 2015).  In Blueearth, the Court deducted 33% from time requested where multiple attorneys and staff billed over 135 hours for a motion to dismiss and

---

[5]  In its Opposition, Defendant argues that Mr. Luney's 5/18/2020 entry is also excessive and unnecessary, but only objected to this entry on unreasonable hourly rate grounds.  See ECF No. 59 at 10, ECF No. 57-6 at 3.

[6]  256.6 hours were spent by Plaintiff drafting its dispositive motions filings:150.2 hours were spent on Plaintiff's partial motion for summary judgment; 68.9 hours were spent on Plaintiff's opposition; and 37.5 hours were spent on Plaintiff's reply.  See ECF No. 57 at 30, 33.

transfer.  See id. at *17.  "When multiple attorneys are involved, the Court frequently sees a duplication of efforts, which results in excessive billing."  Id.

The present case can be distinguished.  From June 2020 to January 2021, Plaintiff spent 150.2 hours drafting its motion for partial summary judgment.  See ECF No. 59 at 10.  While three attorneys billed for the drafting of this motion, the time entries demonstrate that the bulk of the work was done by Mr. Goodin and Mr. Luney; Mr. Dempsey only took over drafting once Mr. Luney left the firm.  See ECF No. 57-6 at 4-9.  From December 2020 to May 2021, Plaintiff spent 68.9 hours on the opposition to Defendant's countermotion.  See ECF 59 at 11.  Again, while three attorneys entered time for the drafting of this motion, the time entries demonstrate that the bulk of the work was done by Mr. Goodin and Mr. Dempsey: Mr. Yamada only spent 2.5 hours on this filing.  See ECF No. 57-6 at 9-12.

The Court finds Bruser v. Bank of Hawaii persuasive.  See 2016 WL 11185592 (D. Haw. 2016), report and recommendation adopted, 2017 WL 1534189 (D. Haw. 2017).  In Bruser, the court found that two partners spending over 200 hours on a motion for partial summary judgment was excessive, considering the degree of novelty and difficulty of the questions involved.  See id. at *4.  As Plaintiff identifies, the total time awarded for the counterclaim and motion, as reduced, was about 160 hours between two senior partners.  See id. Between an associate and a partner, Plaintiff's counsel spent approximately the

same amount of time on its complaint and motion for partial summary judgment. See ECF No. 60 at 12-13.  Considering relevant case law and the relative degree of novelty and difficulty of the questions involved, the Court finds the hours requested on dispositive motions are reasonable.

Fourth, Defendant argues that the 5/5/2021 fee entry for Mr. Dempsey to "review filings in preparation for oral argument" is not recoverable since he did not argue the motion and did not attend or participate in the hearing.  See ECF No. 59 at 11 n.4.  In support, Defendant cites Reyes v. Tanaka, which found the one hour that an attorney expended in preparation for a hearing on a motion he did not argue was excessive.  See 2020 WL 2857493, at *4. The Court agrees with Defendant and will reduce Mr. Dempsey's hours by 1.0 hour in accordance with Reyes.

The Court has reviewed the remaining time entries submitted by Plaintiff's counsel and finds that the remaining hours requested are reasonable.

### 3. Total Lodestar Calculation

The Court finds that the following attorneys' fees are reasonable:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Keith Y. Yamada, Partner | 22.5[7] | $350 | $7,875.00 |
| Christopher T. Goodin, Partner | 0.7 | $280 (2017) | $196.00 |

---

[7]   23.2 hours requested - 0.7 hours for block billing = 22.5 hours.

| | | | |
|---|---|---|---|
| Christopher T. Goodin, Partner | 15.2 | $310 (2018) | $4,712.00 |
| Christopher T. Goodin, Partner | 6.1[8] | $320 (2019) | $1,952.00 |
| Christopher T. Goodin, Partner | 72.6 | $340 (2020) | $24,684.00 |
| Christopher T. Goodin, Partner | 126.4 | $350 (2021) | $44,240.00 |
| Amy P. Parker, Paralegal | 2 | $100 | $200.00 |
| Justin M. Luney, former Associate | 26.4 | $210 (2019) | $5,544.00 |
| Justin M. Luney, former Associate | 81.09[9] | $220 (2020) | $17,839.80 |
| Jarrett A. Dempsey, Associate | 28.4 | $220 (2020) | $6,248.00 |
| Jarrett A. Dempsey, Associate | 77[10] | $235 (2021) | $18,095.00 |
| Cheryl S. Yasunaga, Paralegal | 20.5 | $100 | $2,050.00 |
| Zion Kawahakui, Paralegal | 6 | $100 | $600.00 |
| | | **SUB TOTAL** | **$134,235.80** |
| | | **GET**[11] | **$6,322.5** |
| | | **TOTAL** | **$140,558.30** |

The Court does not find that this case presents the "rare and exceptional circumstances" to justify an adjustment to this lodestar figure. In total,

---

[8]   6.2 hours requested - 0.1 hours for block billing = 6.1 hours.
[9]   82.1 hours requested - 0.6 hours for block billing – 0.41 hours for excessive time = 81.09
[10]   78 hours requested – 1 for excessive time = 77
[11]   Defendant agrees that general excise tax is recoverable as part of an award of attorneys' fees. See ECF No. 57-3 at 4.

17

the Court FINDS AND RECOMMENDS that the district judge award $140,558.30 in attorneys' fees.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiff's Motion for Award of Attorneys' Fees and AWARD Plaintiff $140,558.30 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 17, 2021.



Wes Reber Porter
United States Magistrate Judge